**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| **KATHLEEN ELAM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:20-cv-02167-JTF-cgc** |
| | ) | |
| **ZAZZLE INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION**

Before the Court is Defendant Zazzle Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction, filed on June 15, 2020. (ECF No. 14.) On August 10, 2020, Plaintiff Kathleen Elam filed a Response in Opposition. (ECF No. 21.) Defendant filed a Reply on September 8, 2020. (ECF No. 27.) For the reasons that follow, Defendant's Motion to Dismiss is **DENIED**.

## FACTUAL BACKGROUND

Plaintiff filed her Complaint in this action on March 6, 2020, alleging copyright infringement. (ECF No. 1.) On May 1, 2020, Plaintiff filed her First Amended Complaint. (ECF No. 9.) Plaintiff is a Memphis, Tennessee resident and professional photographer specializing in photographs of hummingbirds. (ECF No. 9, 1 ¶¶ 1–2.) The First Amended Complaint identifies 30 different photographs taken and copyrighted by Plaintiff ("the Works"). (*Id.* at 4–8.) According to the Complaint, Defendant is a corporation from California, where it also maintains its principal place of business. (*Id.* at 3 ¶ 13.) Defendant operates the website www.zazzle.com. (*Id.* at ¶ 14.)

1

Specifically, Plaintiff alleges that "Zazzle is an e-Commerce vendor that allows users to upload images of artwork, slogans, and designs for printing by Zazzle on products[.]"  (*Id.* at ¶ 15.)

In November 2016, Plaintiff entered into a Zazzle User Agreement and Zazzle Designer License Agreement, whereby Plaintiff became a designer for Zazzle.  (ECF Nos. 9, 8 ¶¶ 48–49 & 9-2.)  The Zazzle User Agreement provided:  "By submitting Content to Zazzle, you grant Zazzle a nonexclusive, worldwide, transferable license to use, copy, reproduce, modify, publicly display, and distribute your Content."  (ECF No. 9-2, 5.)  Similarly, the Designer License Agreement provided:

> By uploading Designs to the Site or creating Designs with Zazzle's design tools, you grant the following licenses to Zazzle: the nonexclusive, worldwide, transferable, sublicensable right to use, reproduce, publicly display, sell, and distribute the Design in or on Products and in advertising, marketing, samples, and promotional materials for the purposes of promoting the Site and Products.

(*Id.* at 16.)  The First Amended Complaint states that pursuant to these Agreements, Plaintiff "retained the right to cancel the agreement and terminate the license upon notice to Zazzle."  (ECF No. 9, 8 ¶ 50.)

Following execution of the Agreements, Plaintiff uploaded the Works to Zazzle's website. (*Id.* at 8 ¶ 51.)  Thereafter, products featuring the Works were displayed and available for sale on Zazzle's website.  However, on November 20, 2017, Plaintiff terminated the Designer License Agreement with written notice to Zazzle.  (*Id.* at ¶ 52.)  On November 21, 2017, Plaintiff received a message from Zazzle informing her that her Zazzle account would be "suspended shortly" and that products posted for sale by Plaintiff were no longer available for purchase.  (ECF No. 9-3, 4.) Despite this message, in April 2019, Plaintiff learned that the Works were still displayed and available for purchase on Zazzle's website.  (ECF No. 9, 9 ¶ 54.)

Plaintiff's First Amended Complaint alleges that personal jurisdiction is proper pursuant to Tenn. Code Ann. § 20-2-214 and Tenn. Code Ann. § 20-2-225 "because Defendant injured Plaintiff in this district, and Defendant purposefully availed itself of the privilege of doing business in Tennessee by advertising and offering for sale products and services in this judicial district such that Defendant should have reasonably anticipated being hailed [sic] into court in Tennessee." (ECF No. 9, 3 ¶ 8.)   Next, Plaintiff's First Amended Complaint alleges that "Defendant's establishment of an interactive website and its repeated online contacts with residents of Tennessee establish contacts sufficient to establish personal jurisdiction in this district." (*Id.* at ¶ 9.)  Finally, Plaintiff's First Amended Complaint alleges:

> Defendant's contacts with the state of Tennessee are not random or fortuitous events and include maintenance of an interactive website that allows residents in Tennessee to place orders on the Zazzle platform, ship those orders into the state of Tennessee, allows Tennessee residents to sign up for accounts permitting them to upload images and sell them on the Zazzle platform and Zazzle profits from this Tennessee activity.

(*Id.* at ¶ 10.)  Based on the Works' continued display and availability for purchase on Defendant's website, Plaintiff brings suit for copyright infringement under 17 U.S.C. § 501.  Defendant moves to dismiss this action, contending that this Court lacks personal jurisdiction over Defendant.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss a pleading for lack of personal jurisdiction.  Fed. R. Civ. P. 12(b)(2).  Plaintiff bears the burden of establishing this Court's personal jurisdiction over Defendant.  *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002) (citing *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co., Ltd.*, 91 F.3d 790, 793 (6th Cir. 1996)).  To respond to Defendant's Motion, Plaintiff "may not stand on [her] pleadings, but must show the specific facts demonstrating that the court has jurisdiction."  *Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 678 (6th Cir. 2012) (citing

*Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)). In ruling on a Rule 12(b)(2) motion without first conducting an evidentiary hearing, the Court views the "pleadings and affidavits in a light most favorable" to Plaintiff. *Beydoun v. Wataniya Rests. Holding, Q.S.C.*, 768 F.3d 499, 504 (6th Cir. 2014) (quoting *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996)). Plaintiff's burden is thus "relatively slight." *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) (quoting *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988)). Additionally, Plaintiff "need only make a prima facie showing of jurisdiction." *PT Pukuafu Indah v. United States SEC*, 661 F.3d 914, 920 (6th Cir. 2011) (quoting *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002)). Consequently, the Court does "not consider facts proffered by the defendant that conflict with those offered by the plaintiff[.]" *Bird*, 289 F.3d at 871 (quoting *Neogen Corp.*, 282 F.3d at 887–88). However, the Court is under no obligation "to ignore undisputed factual representations of the defendant which are consistent with the representations of the plaintiff." *Kerry Steel, Inc. v. Paragon Indus.*, 106 F.3d 147, 153 (6th Cir. 1997) (citing *Market/Media Rsch., Inc. v. Union Trib. Publ'g. Co.*, 951 F.2d 102, 104 (6th Cir. 1991)).

Because federal question jurisdiction is the basis of the Court's subject matter jurisdiction, Defendant must be "amenable to service of process under [Tennessee's] long-arum statute" and exercising personal jurisdiction must comport with due process. *Bird*, 289 F.3d at 871 (citation omitted). "Where the state long-arm statute extends to the limits of the due process clause, the two inquiries are merged and the court need only determine whether exercising personal jurisdiction violates constitutional due process." *Bridgeport Music, Inc. v. Still N the Water Publ'g*, 327 F.3d 472, 477 (6th Cir. 2003) (citing *Nationwide Mut. Ins. Co.*, 91 F.3d at 793). Thus, because the Sixth Circuit has indicated that "Tennessee law extends its jurisdiction to due process's limits," this Court must evaluate only whether the exercise of personal jurisdiction in this case

comports with due process.[1]  *See Parker v. Winwood*, 938 F.3d 833, 839 (6th Cir. 2019) (citing *Bridgeport Music*, 327 F.3d at 477).

## ANALYSIS

Defendant moves to dismiss Plaintiff's First Amended Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).  Defendant first argues that there is no general jurisdiction in this case.  (ECF No. 14-1, 5.)  Next, Defendant argues that specific jurisdiction is lacking as well, asserting that (1) Plaintiff was not injured by Defendant in this district; (2) Defendant's website does not target Tennessee; and (3) no infringing sales or acts occurred in Tennessee.  (*Id.* at 6–7, 9.)  Plaintiff relies on the interactivity and use of Defendant's website to establish personal jurisdiction.  As explained below, the Court finds that Plaintiff has made a prima facie showing of specific personal jurisdiction over Defendant in this case.

For personal jurisdiction over Defendant to comport with due process, Defendant must "have certain minimum contacts with" Tennessee "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).  Analyzing due process requires distinguishing between the two forms of personal jurisdiction:  general jurisdiction and specific jurisdiction.  *See Conti v. Pneumatic Prods. Corp.*, 977 F.2d 978, 981 (6th Cir. 1992) (citing *Third Nat'l Bank in Nashville v. WEDGE Grp., Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989)).  Whether personal jurisdiction is general or specific "depend[s] upon the nature of the contacts that the defendant has with the forum state."  *Bird*, 289 F.3d at 873 (citing *Conti*, 977 F.2d at 981).  Specific jurisdiction exists if Plaintiff's claims, "arise from or are related to" Defendant's

---

[1] Tennessee's long-arm statute provides that jurisdiction may be premised on "[a]ny basis not inconsistent with the constitution of this state or of the United States[.]"  TENN. CODE ANN. § 20-2-214(a)(6).

contacts with Tennessee. *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005) (citing

*Kerry Steel, Inc.*, 106 F.3d at 149).

As a preliminary matter, the Court notes that Defendant has submitted a Declaration of

Jennifer McNulty-Squiers, Director of Customer Care at Zazzle Inc., in support of the Motion to

Dismiss. (ECF No. 14-2.) Plaintiff's Response in Opposition to Defendant's Motion to Dismiss

does not include a declaration or affidavit. (*See* ECF No. 21.) Generally, however, Defendant's

Declaration does not contradict the relevant facts collectively alleged by Plaintiff supporting a

finding of personal jurisdiction. Dismissal is appropriate only "if all of the specific facts [Plaintiff]

alleged collectively failed to state a prima facie case for jurisdiction under the appropriate

standards." *Theunissen*, 935 F.2d at 1459.

## I.    General Jurisdiction

Defendant first argues that there is no general jurisdiction in this case. (ECF No. 14-1, 5.)

Plaintiff does not appear to contest this argument, instead focusing on the issue of specific

jurisdiction. Thus, general jurisdiction is inapplicable and any finding of personal jurisdiction in

this case must be specific jurisdiction.

## II.    Specific Jurisdiction

The Sixth Circuit employs a three-pronged inquiry to assess the existence of specific jurisdiction:

> First, the defendant must purposefully avail himself of the privilege of acting in the
> forum state or causing a consequence in the forum state. Second, the cause of action
> must arise from the defendant's activities there. Finally, the acts of the defendant
> or consequences caused by the defendant must have a substantial enough
> connection with the forum state to make the exercise of jurisdiction over the
> defendant reasonable.

*S. Mach. Co. v. Mohasco Indus.*, 401 F.2d 374, 381 (6th Cir. 1968); *see also Miller*, 694 F.3d at

680.

A.  Purposeful Availment

Plaintiff contends that Defendant has purposefully availed itself of Tennessee by maintaining an interactive website accessible by Tennessee residents and capable of allowing these residents to create accounts, place orders, and sell products.  (ECF Nos. 9, 3 & 21, 9.)  Specifically, Plaintiff's Complaint alleges that "Defendant purposefully availed itself of the privilege of doing business in Tennessee by advertising and offering for sale products and services in this judicial district such that Defendant should have reasonably anticipated being hailed [sic] into court in Tennessee"; "Defendant's establishment of an interactive website and its repeated online contacts with residents of Tennessee establish contacts sufficient to establish personal jurisdiction in this district"; and "Defendant's contacts . . . include maintenance of an interactive website that allows residents in Tennessee to place orders on the Zazzle platform, ship those orders into the state of Tennessee, allows Tennessee residents to sign up for accounts permitting them to upload images and sell them on the Zazzle platform and Zazzle profits from this Tennessee activity."  (ECF No. 9, 3.)

Purposeful availment refers to "something akin to a deliberate undertaking to do or cause an act or thing to be done in [Tennessee] or conduct which can be properly regarded as a prime generating cause of the effects resulting in [Tennessee], something more than a passive availment of [Tennessee] opportunities."  *Neogen Corp.*, 282 F.3d at 891.  The purposeful availment requirement may be met "when the defendant's conduct and connection with the forum are such that he 'should reasonably anticipated being haled into court there.'"  *CompuServe, Inc.*, 89 F.3d at 1263 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–75 (1985)).  Defendant's relationship with Tennessee must be the result of contacts that Defendant itself has created with Tennessee.  *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (citation omitted).  Jurisdiction cannot be

the product of "random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person[.]" *Burger King Corp.*, 471 U.S. at 475 (internal citations and quotations omitted). The Sixth Circuit has stated that the "emphasis" in this prong of the *Southern Machine* test "is whether the defendant has engaged in 'some overt actions connecting the defendant with the forum state.'" *Bridgeport Music, Inc.*, 327 F.3d at 478–79 (citation omitted). It is not required that Defendant have a physical presence in Tennessee to be subject to jurisdiction there. *Walden*, 571 U.S. at 285 (citation omitted). Notwithstanding, jurisdiction is improper if Plaintiff is the only connection between Defendant and Tennessee. *See id.* at 285.

Defendant first argues that Plaintiff merely felt her injury in Tennessee rather than the injury actually taking place within the state. Accordingly, this impact upon Plaintiff cannot provide a basis for purposeful contacts with Tennessee. (ECF No. 14-1, 6.) As the Supreme Court has stated, the "'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden*, 571 U.S. at 285 (citing *Int'l Shoe*, 326 U.S. at 319). Plaintiff has not demonstrated that Defendant intentionally directed any alleged infringement to Plaintiff in Tennessee. Thus, the mere fact that Plaintiff was injured while residing in Tennessee is precisely the sort of "random, fortuitous, or attenuated" contact held to be insufficient by the Supreme Court. *Burger King Corp.*, 471 U.S. at 475 (citation and internal quotations omitted). Therefore, to the extent Plaintiff argues that the injury was felt by her in Tennessee, or that infringement was directed to her in Tennessee, such arguments fail to establish purposeful availment. *See Parker*, 938 F.3d at 840 ("[The plaintiffs'] primary contention on appeal is that Mervyn's alleged willful copyright infringement, which occurred in England, qualifies as purposeful activity in Tennessee because he intentionally harmed Tennessee residents. But *Walden v. Fiore* forecloses this argument.").

8

Defendant next argues that the Zazzle website does not target Tennessee, making it an inappropriate basis for specific jurisdiction. (ECF No. 14-1, 7.) Plaintiff's Response contends that Defendant's website has had customers from Tennessee and that Defendant "has not, and cannot, demonstrate that it did not distribute and display Elam's Works over the internet to potential Tennessee buyers." (ECF No. 21, 10–11.) However, Plaintiff stops short of asserting that someone from Tennessee actually viewed an infringing display of the Works. Similarly, Plaintiff does not actually allege that the Works were sold in Tennessee, but rather, seems to argue that the Works were available for sale in Tennessee. Even if the Works had been displayed to Tennessee residents on Defendant's website, this would be insufficient for purposeful availment. Without showing how such a display was intentionally aimed at or targeted to Tennessee residents, the mere fact that Tennessee residents could view such images cannot constitute purposeful availment by Defendant. The Works' mere accessibility by Tennessee residents is insufficient for purposeful availment. *See Neogen Corp.*, 282 F.3d at 890.

On the other hand, the interactive features—rather than the passive displays—of Defendant's website and the Tennessee contacts generated therefrom do support a finding of purposeful availment. In personal jurisdiction cases involving operation of internet websites, the key inquiry is the website's interactivity. "[O]peration of an Internet website can constitute the purposeful availment of the privilege of acting in a forum state under the first *Mohasco* factor 'if the website is interactive to a degree that reveals specifically intended interaction with residents of the state.'" *Bird*, 289 F.3d at 874 (quoting *Neogen Corp.*, 282 F.3d at 890). To be sure, operating a website that is accessible by Tennessee residents is not enough in and of itself for purposeful availment of Tennessee. *See Neogen Corp.*, 282 F.3d at 890. The Sixth Circuit has employed the *Zippo* "sliding scale" approach in assessing interactivity. *See id.* at 890–91; *see also Zippo Mfg.*

*Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997). This approach distinguishes between "passive" websites, which merely post information accessible to web users, and "interactive" websites, through which "the defendant establishes repeated online contacts with residents of the forum state[.]" *Cadle Co. v. Schlichtmann*, 123 F. App'x 675, 678 (6th Cir. 2005) (citations omitted).

Plaintiff's First Amended Complaint alleges that Defendant has an interactive website and "repeated online contacts with residents of Tennessee[.]" (ECF No. 9, 3 ¶ 9.) Moreover, Plaintiff alleges that the website "allows residents in Tennessee to place orders on the Zazzle platform, ship those orders into the state of Tennessee, allows Tennessee residents to sign up for accounts permitting them to upload images and sell them on the Zazzle platform and Zazzle profits from this Tennessee activity." (*Id.* at ¶ 10.) Notably, Plaintiff's First Amended Complaint alleges that Defendant, through its website, "accepts orders from customers in Tennessee, ships products into Tennessee, allows residents in Tennessee to open accounts, upload their artwork and sell said artwork on the Zazzle platform." (*Id.* at ¶ 4.) Plaintiff's Response to Defendant's Motion adds that "Zazzle does not and cannot dispute that a) the "third-party users" who use its website to create and sell 'customized merchandise' include residents of Tennessee, and b) the customers who purchase Zazzle's 'customized merchandise' include residents of Tennessee." (ECF No. 21, 10.) Defendant does not deny that it sells and ships products to Tennessee residents. Defendant simply states through its Declaration only that "there were no sales of the allegedly infringing products to Tennessee buyers after Elam requested termination." (ECF No. 14-2, 2 ¶ 6.) The Court remains mindful to "construe the facts in the light most favorable to" Plaintiff. *Neogen Corp.*, 282 F.3d at 887 (citation omitted). Thus, the Court finds Plaintiff's assertion—that Defendant sells and ships products to Tennessee residents through its website—unchallenged.

10

Defendant's interactive website—combined with sales and shipments to Tennessee residents—is sufficient to support a finding of personal jurisdiction. Plaintiff's First Amended Complaint and Response collectively allege that Defendant's website allows Tennessee residents to place orders for shipment to Tennessee.[2] (ECF No. 9, 3 ¶ 10 & 21, 14.) Additionally, Tennessee residents have in fact purchased and received products through Defendant's website. These allegations are sufficient. *See Malone v. Stanley Black & Decker, Inc.*, 965 F.3d 499, 504–05 (6th Cir. 2020). Moreover, because Tennessee residents can make purchases on Defendant's website—and indeed, have done so—Defendant's website is plainly interactive. *See TailGate Beer, LLC v. Blvd. Brewing Co.*, No. 3:18-cv-00563, 2019 U.S. Dist. LEXIS 94271, at *10–11 (M.D. Tenn. June 5, 2019). In fact, because it allows direct purchases which are presumably processed by Defendant before Defendant decides to manufacture and ship the purchased item, Defendant's website is arguably as far along the spectrum of interactivity as possible. By receiving orders and shipping products to Tennessee residents, Defendant has affirmatively decided to engage in business in Tennessee.[3] *See Neogen Corp.*, 282 F.3d at 892 ("NGS could not mail test results to and accept payment from customers with Michigan addresses without intentionally choosing to conduct business in Michigan."); *see also Bird*, 289 F.3d at 875 ("Although it is unclear whether registrants who use Dotster's website do so on a repeated basis, the proffered evidence that Dotster regularly chooses to do business with Ohio residents is sufficient to constitute purposeful availment." (citing *Zippo Mfg. Co.*, 952 F. Supp. at 1126–27)).

---

[2] The Court notes that this appears to be consistent with the statements contained in Defendant's Declaration. (*See* ECF No. 14-2.)

[3] The fact that Plaintiff does not identify or allege a specific number of orders placed by and shipped to Tennessee residents does not alter the Court's conclusion. It is enough that such orders have occurred and that Defendant stands prepared to conduct business with Tennessee residents. *See TailGate Beer, LLC*, 2019 U.S. Dist. LEXIS 94271, at *10–11 (citation omitted); *see also First Tenn. Nat'l Corp. v. Horizon Nat'l Bank*, 225 F. Supp. 2d 816, 821 (W.D. Tenn. 2002) (citations omitted) (finding purposeful availment where the website was "highly interactive" and "willing and capable of providing services to Tennessee residents").

Defendant maintains that because its website is not directed or targeted to Tennessee, it cannot support a finding of purposeful availment, even despite the website's interactivity. (ECF No. 27, 3–4.) However, the website's interactivity is not the sole basis for the finding of purposeful availment. Defendant has actually established contacts in Tennessee by voluntarily selling and shipping products to Tennessee residents. As the aforementioned cases show, this affirmative decision to enter transactions with Tennessee residents supports the Court's conclusion that the purposeful availment criterion is met—especially given the slight burden imposed on Plaintiff at this juncture of the litigation. Plaintiff has made the required showing of purposeful availment.

B. <u>Arising From</u>

Defendant argues that the lack of infringing acts or sales in Tennessee precludes a finding of personal jurisdiction. (ECF No. 14-1, 9.) Defendant reasons that because specific jurisdiction requires that Plaintiff's claim arise out of Defendant's contacts with Tennessee, which do not involve infringing sales, the second prong is not met. Plaintiff points out the generous standard applicable to this part of the inquiry and that Defendant's contacts and Plaintiff's claim both stem from Defendant's website. (ECF No. 21, 14–15.)

For the "arising from" prong to be satisfied, "[t]he defendant's contacts with the forum state must relate to the operative facts and nature of the controversy." *Cmty. Tr. Bancorp, Inc. v. Cmty. Tr. Fin. Corp.*, 692 F.3d 469, 472 (6th Cir. 2012) (citing *Bird*, 289 F.3d at 875). "It is not enough that there be some connection between the in-state activity and the cause of action—that connection must be substantial." *Id.* at 472–73. In other words, the second *Southern Machine* prong "does not require that the cause of action formally 'arise from' defendant's contacts with the forum; rather, this criterion requires only 'that the cause of action, of whatever type, *have a substantial connection with* the defendant's in-state activities.'" *Third Nat'l Bank*, 882 F.2d at

1091 (emphasis in original) (citations omitted).  The Sixth Circuit has indicated that the "arising from" requirement imposes a "lenient standard."  *Bird*, 289 F.3d at 875.

Plaintiff's claim arises from the marketing and display of the Works on Defendant's website.  Defendant's contacts with Tennessee arise from the nature and maintenance of Defendant's website.  This is enough to satisfy the "arising from" criterion.  *See id.* ("Both the Dotster defendants' contacts with Ohio and Bird's claim of copyright and trademark violations stem from these defendants' operation of the Dotster website.  As a result, the operative facts are at least marginally related to the alleged contacts between the Dotster defendants and Ohio."); *see also Word Music, LLC v. Priddis Music, Inc.*, No. 3:07cv0502, 2007 U.S. Dist. LEXIS 80374, at *26–27 (M.D. Tenn. Oct. 30, 2007); *First Tenn. Nat'l Corp. v. Horizon Nat'l Bank*, 225 F. Supp. 2d 816, 821 (W.D. Tenn. 2002).

Defendant attempts to make the lack of infringing sales or acts in Tennessee dispositive as to this second prong.  However, this position is not supported by the case law.  In *Bird*, the allegedly infringing act was the registration of an internet domain name by a California resident through a Washington company's website.  *See* 289 F.3d at 870.  The Sixth Circuit found that the plaintiff had established the "arising from" requirement for specific jurisdiction in Ohio, as the defendant had conducted business with Ohio residents.  *Id.* at 875.  This was so even though, apparently, no allegedly infringing registrations involved Ohio residents.  *See id.*  The Court views *Bird* as directly on-point in this regard and believes it necessitates the conclusion that the second *Southern Machine* requirement is satisfied, keeping in mind that Plaintiff's burden is slight.  *Air Prods.*, 503 F.3d at 549 (citation omitted).  Therefore, given the procedural posture of this case and the lenient standard applicable, the Court finds that Plaintiff has established the "arising from" prong.

C.  Reasonableness

13

The Court turns to the final prong of the *Southern Machine* personal jurisdiction due process inquiry: reasonableness.[4]  "[T]he acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *Miller*, 694 F.3d at 680 (quoting *S. Mach. Co.*, 401 F.2d at 381).  Where the "purposeful availment" and "arising from" criteria are satisfied, "an inference of reasonableness arises" such that the final *Southern Machine* factor will not be met "only [in] the unusual case[.]" *Theunissen*, 935 F.2d at 1461 (quoting *Cohn*, 839 F.2d at 1170). Moreover, when "a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Air Prods.*, 503 F.3d at 554 (quoting *Burger King*, 471 U.S. at 477).  This reasonableness inquiry requires the Court to consider factors such as:  "(1) the burden on the defendant; (2) the forum state's interest; and (3) the plaintiff's interest in obtaining relief."[5]  *MAG IAS Holdings, Inc. v. Schmückle*, 854 F.3d 894, 904 (6th Cir. 2017) (citation omitted).

Evaluating the first factor, the Court presumes that litigating this matter in Tennessee—of which Defendant is not a citizen—would impose a burden on Defendant.  Notwithstanding, distance is not determinative. *See Intera Corp. v. Henderson*, 428 F.3d 605, 618 (6th Cir. 2005). Further, the remaining factors can outweigh even a heavy burden imposed on a Defendant. *See Youn v. Track, Inc.*, 324 F.3d 409, 420 (6th Cir. 2003) (citation omitted).  Regarding the second factor, Tennessee clearly has a strong interest in the existence of jurisdiction and the resolution of

---

[4] While Plaintiff has addressed this part of the analysis in her briefing, Defendant has not.

[5] Some Sixth Circuit cases add a fourth factor—"other states' interest in securing the most efficient resolution of the controversy." *Intera Corp. v. Henderson*, 428 F.3d 605, 618 (6th Cir. 2005) (citation omitted).  Regardless, Defendant has not pointed to another state potentially possessing an interest in the resolution of this case.  Thus, any application of this factor does not change the Court's conclusion.

this case because Plaintiff is a Tennessee resident. *See Intera Corp.*, 428 F.3d at 618. Presumably, Tennessee is also interested in the resolution of a matter involving a company that sells and ships products into Tennessee. Thus, the second factor supports a finding that personal jurisdiction is reasonable. The third factor—Plaintiff's interest in obtaining relief—favors the exercise of jurisdiction. Taking as true Plaintiff's allegations in the First Amended Complaint, Plaintiff has incurred an injury attributable to Defendant. Plaintiff discovered the injury in Tennessee and has an interest in acquiring relief in the state in which she resides. Accordingly, Plaintiff's interest in relief is significant. In this Court's view, the weight of the second and third factors outweigh Defendant's burden in litigating this matter in Tennessee. Finally, Defendant has not articulated "other considerations [that] would render jurisdiction unreasonable." *Air Prods.*, 503 F.3d at 554 (citation omitted); *see also AlixPartners, LLP v. Brewington*, 836 F.3d 543, 552–53 (6th Cir. 2016) (citations omitted). Therefore, the Court finds that Plaintiff has satisfied the third *Southern Machine* criterion and established the reasonableness of the exercise of personal jurisdiction over Defendant. Defendant's Motion to Dismiss is **DENIED**.

<u>**CONCLUSION**</u>

For the reasons provided above, Plaintiff has made the required prima facie showing of this Court's personal jurisdiction over Defendant. Accordingly, Defendant Zazzle Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction is **DENIED**.

**IT IS SO ORDERED** this 21st day of July, 2021.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge

15